Theodore M. WINSTON et al.,

v.

COLEMAN, INC., et al.

No. 97–451–Appeal.

Supreme Court of Rhode Island.

May 4, 1998.

Peter J. Comerford, Providence, for Plaintiff.

Vincent C. Fay, Mark A. Fay, Steven E. Snow, Mark P. Dolan, Jeffrey A. St. Sauveur, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLBERG, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Theodore (Ted) M. Winston and Denise S. Winston (Winstons), appeal from a judgment in favor of the defendants, Coleman, Inc. (Coleman) and Charles and Ada Beth Cutler (the Cutlers), in this action for rescission or damages based upon alleged misrepresentations involving the sale of real property. We ordered the parties to show cause why we should not resolve this appeal summarily. None having been shown, we proceed to do so.

The Winstons purchased 69 Dryden Avenue in Pawtucket from the Cutlers for $252,-000 on March 3, 1993. The Cutlers had engaged Coleman, a real estate firm, to serve as their sales agent for this transaction. According to the complaint, the Winstons were fraudulently induced to purchase the property on the basis of false and erroneous misrepresentations about the property's boundary and the absence of water leakage in the subfloor of the basement. The Winstons allege that a professional survey conducted after the sale revealed that the property's boundary line was a mere eighteen inches or so from the rear corner of their garage instead of the approximately twenty feet that Wileen Snow, an agent for Coleman (Coleman's sales agent), had represented to them. They also claim that after the closing, they discovered that the Cutlers apparently had water in the basement of their home when they owned it, contrary to what had been represented to them before the closing.

The defendants moved for summary judgment. Thereafter a Superior Court motion justice granted the motion and entered judgment for Coleman and for the Cutlers. This appeal followed.

■ In her answers to interrogatories Mrs. Winston stated as follows:

"Ted asked [Coleman's sales agent] about the property lines. She stated that the property started at the telephone pole and went straight back through the bushes.

" * * *

"[Coleman's sales agent] told us the property line on the other side of the house went from the telephone pole, back along the short wall and fence (neighbors not Cutlers) and the back property line ran along the back wall to the bushes.

" * * *

"Survey was done on May 10, 1994 by unknown employees of Waterman Engineering Co., 450 North Broadway, East Providence, RI; Surveyors and Engineers; they exposed the original markers which showed us that the actual boundary was approximately 18 inches of the rear corner of the garage (in comparison to the approximately 20 feet we thought we owned as represented by [Coleman's sales agent] ).

Viewed most favorably to plaintiffs, these answers to interrogatories were enough to defeat the motion for summary judgment filed by Coleman concerning the boundary line.

■ Turning to plaintiffs' contention that the Cutlers knew about the water in the basement and, through Coleman, misrepresented that there never had been water there, plaintiffs rely on an inference from the following deposition testimony:

"Q. Did you have any conversation at that time with [Coleman's sales agent] concerning the basement, water in the basement?

"A. Yes, there was a conversation about water in the basement.

"Q. And what was the conversation at that time?

"A. The question was asked again if there was water in the basement, and the response was *that the Cutlers had lived there fifteen years and they didn't get water.*" (Emphasis added.)

Considering the evidence presented to the motion justice in a light most favorable to the nonmoving party, we are of the opinion that the motion justice should not have granted the Cutlers' summary-judgment motion with respect to the water situation. Coleman was acting as the Cutlers' agent when Coleman's sales agent supposedly made the challenged statements about the boundary line and the Cutlers' never having had water in their basement. On this record it is a fair inference either that the Cutlers authorized Coleman's sales agent to make such statements or that she at least had the apparent authority to do so.

Coleman further argues that even if misrepresentations were made, a disclaimer and merger clause in the purchase-and-sale agreement released it from liability because reliance by the plaintiffs was not justifiable in these circumstances. Coleman also contends that since it was acting as an agent for disclosed principals, it is not liable. However, because these issues were never addressed by the motion justice, we decline to reach them now. Thus our ruling here shall be without prejudice to the defendants' presentation of these defenses to the Superior Court for its consideration upon remand of this case for further proceedings.

Accordingly the plaintiffs' appeal is sustained, the summary judgments in favor of these defendants are vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.